**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Albert Brown and Heather Aumick, Defendants,

Of whom Albert Brown is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000593

―――――――――

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

―――――――――

Unpublished Opinion No. 2022-UP-419
Submitted November 18, 2022 – Filed November 21, 2022

―――――――――

**AFFIRMED**

―――――――――

John Brandt Rucker and Allyson Sue Rucker, both of
The Rucker Law Firm, LLC, of Greenville, for
Appellant.

Dennis M. Gmerek, of South Carolina Department of
Social Services, of Columbia, for Respondent.

Jessica Brilhante, of Brilhante and Ott, Attorneys at Law, LLC, of Aiken, for the Guardian ad Litem.

_____

**PER CURIAM:** Albert Brown appeals the family court's order (1) finding he physically abused his minor child, (2) authorizing the South Carolina Department of Social Services to forgo reasonable efforts at reunification with Child, and (3) entering his name into the Central Registry of Child Abuse and Neglect. *See* S.C. Code Ann. § 63-7-20(6) (Supp. 2022) (defining child abuse); S.C. Code Ann. § 63-7-1660(A) (2010 & Supp. 2022) ("[T]he department may petition the family court to remove the child from custody of the parent . . . if the department determines by a preponderance of evidence that the child is an abused or neglected child and that the child cannot be safely maintained in the home in that he cannot be protected from unreasonable risk of harm affecting the child's life, physical health, safety, or mental well-being without removal."); S.C. Code Ann. § 63-7-1940 (Supp. 2022) (stating that when the family court finds a child has been physically abused at a hearing pursuant to section 63-7-1660, the court "shall order" the perpetrator's "name be entered in the Central Registry"). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Brown's counsel.

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without argument pursuant to Rule 215, SCACR.